UNITED STATES, Appellee,

v.

Private First Class Craig A. FLOWERS, SSN 262–96–4835, United States Army, Appellant.

CM 440061.

U. S. Army Court of Military Review.

26 March 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Captain David M. England, JAGC, Captain Kenneth G. Gale, JAGC, and Major Elliot J. Clark, Jr., JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Major Robert B. Williams, JAGC, Major John T. Edwards, JAGC, Major Michael L. DeBusk, JAGC, and Captain

Peter M. Donawick, JAGC, were on the pleadings for appellee.

Before CARNE, O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

The appellant was convicted of wrongfully possessing marihuana on three occasions, wrongfully selling marihuana on two occasions, and attempting to wrongfully sell marihuana on one occasion in violation of Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934. His sentence to a bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for thirteen months, and reduction to the lowest enlisted grade was approved by the convening authority.

■ The transactions involving the sales and the attempted sale took place between the appellant and Staff Sergeant Ross Gardner, a military policeman operating in an undercover capacity. The appellant contends that the military judge erred in denying his motion to suppress all "evidence, statements, and verbal acts" obtained from or made by him because Sergeant Gardner did not advise him of his rights under Article 31 of the Code, 10 U.S.C. § 831. The judge ruled correctly. There is no requirement for an undercover agent to advise a person in accordance with Article 31 while engaged in a controlled purchase of narcotics. *See Hoffa v. United States*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); *United States v. Duga*, 10 M.J. 206, 210 (C.M.A.1981); *United States v. Gibson*, 3 U.S.C.M.A. 746, 14 C.M.R. 164 (1954). *See also United States v. Kirby*, 8 M.J. 8, 11–13 (C.M.A.1979) (concurring opinion of Judge Cook).

■ The appellant next asserts that he was deprived of the effective assistance of counsel because his trial defense counsel

failed to call three witnesses in his behalf. After reviewing the record of trial as well as the affidavits of the appellant and his trial defense counsel, we hold that the appellant was ably represented by his defense counsel who as a minimum exercised " 'the customary skill and knowledge which normally prevails . . .' 'within the range of competence demanded of attorneys in criminal cases.' " *United States v. Rivas*, 3 M.J. 282, 289 (C.M.A.1977), citing *United States v. Walker*, 21 U.S.C.M.A. 376, 378, 45 C.M.R. 150, 152 (1972).

■ Finally, the appellant contends that the convening authority was disqualified from acting in his case. We agree. Two of the witnesses who testified for the Government were originally charged for their involvement in the transactions. At the behest of the trial counsel, the special court-martial convening authority withdrew these charges to permit the witnesses to testify for the Government. One witness received nonjudicial punishment, the other an administrative reprimand. The general court-martial convening authority was so advised in the staff judge advocate's post-trial review. As the special court-martial convening authority was a subordinate of the general court-martial convening authority, the latter was disqualified from acting in the appellant's case. *United States v. Sierra-Albino*, 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974); *United States v. Dickerson*, 22 U.S.C.M.A. 489, 47 C.M.R. 790 (1973).

■ The Government contends that the convening authority was not disqualified because the voucher rule was repudiated by the recent enactment of Military Rule of Evidence 607. That rule, which makes it possible for counsel to call a witness without vouching for his credibility, has no impact on this case. Here, the trial counsel sought and obtained the testimony of the two witnesses because they supported his theory of prosecution. In his argument on findings, he argued that the two witnesses should be believed. As such, the trial coun-

sel unequivocally vouched for the credibility of the two witnesses.*

The action of the convening authority dated 11 September 1980 is set aside. The record of trial is returned to The Judge Advocate General for a new review and action by a different staff judge advocate and convening authority.

---

* The staff judge advocate was also disqualified from preparing the post-trial review by virtue of the trial counsel's involvement in the withdrawal of charges in view of the unitary nature of the legal office. *United States v. Sierra-Albino*, 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974).